**Louis HAJIMIHALIS, Appellant,**

v.

**Dimitri O. MALLIOS, et al., Appellees.**

No. 02–CV–724.

District of Columbia Court of Appeals.

Argued May 28, 2003.
Decided June 26, 2003.

Johnny R. Galloway for appellant.

Aaron L. Handleman, Washington, DC, with whom George S. Mahaffey, Jr. was on the brief, for appellees.

Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

This is an appeal from the trial court's order pursuant to Super. Ct. Civ. R. 12(b)(6) dismissing appellant's complaint for "Legal Malpractice" against appellees on the ground that such complaint failed to state a claim upon which relief might be granted.[1] Appellant's complaint in essence claimed that appellees, who are attorneys, had "represented or advised [him] . . . for . . . more than thirty (30) years on various legal matters" and had prepared an agreement and "represented to . . .[him] that the agreement contained a specific personal guarantee of payment by Frank Economides." The complaint further alleged that appellees over the years represented to him "that Economides was bound absolutely by the purported personal guarantees of payments as prepared by the . . . [appellees]."

This court has established that in reviewing a Rule 12(b)(6) dismissal order we must construe the allegations of fact in the complaint in a light most favorable to the plaintiff and assume all allegations are true. We have stated: "we are testing only the legal sufficiency of the complaint and not whether appellants will prevail ultimately on the claim." *Leonard v. District of Columbia*, 794 A.2d 618, 629 (D.C. 2002). Here, appellant's allegations that (1) the parties to the loan "use[d] an agreement wholly prepared by [appellees]," and (2) "[a]t all times, and over the years, [appellees] represented to [appellant] that the agreement contained a specific personal guarantee of payment by Frank Eco-

---

1. Rule 12(b)(6) provides in pertinent part: "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is re-quired, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . ."

 

nomides," and (3) that "at no time did [appellees] advise [appellant] that a statute of limitation ... was expiring or at issue with respect to the loans at issue" must be viewed as true when deciding whether to dismiss this case under Rule 12(b)(6).

The conscientious trial judge, in dismissing the complaint, relied upon this court's Memorandum Opinion and Judgment in *Hajimihalis v. Economides*, 792 A.2d 1072, entered on February 8, 2001, but this decision is inapposite to the instant case. There, we affirmed the trial court's decision that appellant's claim against Mr. Economides for breach of contract and fraudulent misrepresentation failed because the contract between the parties prepared by appellees did *not* contain a guaranty proviso binding Economides to answer for the debts of others as asserted by appellant.[2] Here, appellant's claim is that appellees, who are attorneys, engaged in legal malpractice by preparing for execution a contract that appellant executed but did not intend and thereafter advising him incorrectly as to the terms of such contract, thereby lulling him into taking no action until the statute of limitations barred any claim he might have.[3]

Whatever the merits of appellant's claim may be, his complaint did state a claim upon which relief could be granted. Accordingly, the order of dismissal pursuant to Rule 12(b)(6) must be reversed and the case remanded for further proceedings.

*So ordered.*

---

2. Thus, we stated in the Memorandum Opinion and Judgment:
   Under the Statute of Frauds ... any agreement to "answer for the debt of another" must be in writing. D.C.Code § 28–3502 (1996); *Hudson v. Ashley,* 411 A.2d 963, 967 (D.C.1980). [Appellant] has produced no writing in which Economides guaranteed payment by FSLP [Fort Stevens Limited Partnership].

3. We noted that appellees vigorously contend: "Appellant attached an Agreement of Sale to his Complaint.... The Appellees submit that as a matter of law when the Appellant signed the agreement of sale contract he was aware of its provisions and that it explicitly *did not* contain a personal guaranty [on the part of Economides] provision." However, appellant's complaint alleged that appellees, his attorneys, had continuously assured him otherwise so as to mislead him purposely. Whether such claim is true remains to be resolved in further proceedings.